OPINION
This is an accelerated calendar appeal submitted on the record and the briefs of the parties. Herman Brown ("appellant") appeals the February 22, 2001 judgment entry by the Ashtabula County Court, Western District, awarding damages to Kuntz Properties. Inc. ("appellee"). For the foregoing reasons, we affirm the decision of the lower court.
Joseph R. Kuntz is the owner and president of appellee. In 1998, appellee purchased one hundred thirty-six (136) acres of farmland, located at 3552 Laskey Road, Jefferson, Ohio. Appellant was a tenant of the previous owner. Appellant and Kuntz entered into an oral month-to-month tenancy agreement. Appellant would pay four hundred dollars ($400) per month in rent. Subsequently, beginning in the fall of 1999, appellee sent several certified letters requesting that appellant vacate the premises. Appellee commenced an eviction action against appellant.
On February 9, 2000, appellee also filed a complaint against appellant. In its first count, appellee alleged that appellant failed to pay rent in the amount of four hundred dollars per month from October 1999 through January 2000. Appellee also alleged that appellant continued to unlawfully and forcibly detain possession of the premises. The second count asserted that appellant currently owed one thousand six hundred dollars ($1,600) in back rent and will owe four hundred dollars per month until appellee is restored possession of the premises. In the final count, appellee alleged that appellant "has committed waste upon the premise." [sic] Appellee sought the back rent, any additional rent that accrued until appellant returned possession of the premises, and damages in an amount that was sufficient to cover the waste committed by appellant along with court costs.
A hearing was held on March 20, 2000, as to the eviction action against appellant. Appellee, appellee's counsel, and appellant, pro se, were present. During the hearing, appellant acknowledged that he was not paying rent as agreed. The trial court found that appellant occupied the premises as a tenant of appellee and that he was in default of rent under a verbal rental agreement. The trial court noted that requisite statutory notice to vacate the premises was served on appellant. The trial court determined that appellee was entitled to judgment for restitution for the premises. The trial court stated that the second and third causes of action alleged in appellee's complaint would be heard at a later date to determine how much appellant owed. A judgment entry was filed on March 21, 2000, journalizing the trial court's decision. In that judgment entry, the trial court stated that appellant was advised that a written answer to the second and third causes of action must be filed or a default judgment may be entered against him for the amount alleged.
On June 26, 2000, a hearing was held to address appellee's second and third causes of action. Appellee, appellee's counsel, and appellant, prose, were present. During the hearing, Joseph Kuntz stated that appellant had moved out of the premises, leaving "a total mess." Mr. Kuntz described the conditions of the house and the outside premises. He stated that he received estimates as to the cost of removing all the debris on the property and tearing down some of the out buildings. The estimates were admitted into evidence. Appellant claimed that all the debris in the house did not belong to him and that it was already there when he moved in.
A judgment entry was filed on June 28, 2000, determining that appellant owed appellee rent for October 1999 through March 2000, totaling two thousand four hundred dollars ($2,400). The trial court also determined that appellant owed appellee twelve thousand eight hundred forty-four dollars ($12,844) for damages, including waste, cleaning, and restoration. Subsequently, appellee submitted a reduction of damages. As a result, on February 22, 2001, the trial court filed a judgment entry, finding that appellant owed a total of twelve thousand two hundred twenty-two dollars ($12,222) plus court costs. An exhibit was attached to the judgment entry, showing the actual costs incurred by appellee to clean, demolish, and excavate the property.
On March 26, 2001, appellant filed a timely notice of appeal, asserting one assignment of error. In appellant's sole assignment of error, appellant contends the trial court committed reversible error when it ordered him to pay $12,844 for damages, waste, cleaning, and restoration. Appellant asserts that he did not commit the damage and waste and that no evidence was presented to show that he did. Appellant argues that appellee failed to prove, by a preponderance of the evidence, damages to a reasonable degree of certainty without speculation or conjecture. Appellant claims that there was no evidence as to condition of the land prior to when appellee purchased it. Upon examination of the record, appellant failed to file an answer to appellee's complaint. The record shows that appellant received notice of the complaint. In that notice, appellant was informed that he was required to serve on appellee a copy of an answer. Appellant failed to file an answer even after he was advised, during the March 20, 2000 hearing and the March 21, 2000 judgment entry, to submit an answer as to appellee's money claims.
Civ.R. 8(D) provides:
 "Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. * * *."
In the instant case, appellant's failure to answer appellee's complaint causes the following fact to be deemed admitted: "defendant has committed waste upon the premises." See Mid-America Acceptance Co. v. Reedy (June 29, 1990), Lake App. No. 89-L-14-072, unreported, 1990 Ohio App. LEXIS 2712, at 16. Therefore, appellee was not required to offer evidence as to that fact during the hearing. See Leonard v. Vaughn (Dec. 30, 1983), Trumbull App. No. 3137, unreported, 1983 Ohio App. LEXIS 12500, at 5. As such, the sole remaining issue was to determine how much money appellant owed to appellee for the waste committed.
A reviewing court will not disturb a trial court's decision regarding its determination of damages absent an abuse of discretion. Roberts v.United States Fid. Guar. Co. (1996), 75 Ohio St.3d 630, 634, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Blakemore at 219.
In the case sub judice, during the hearing, appellee admitted into evidence the estimated cost to clean up the property. Appellant, pro se, had an opportunity to cross-examine Joseph Kuntz as to the estimated cost; however, appellant did not do so. As such, we cannot say that the trial court's determination of damages owed by appellant was an abuse of discretion.
For the foregoing reasons, appellant's sole assignment of error is without merit. The judgment of the Ashtabula County Court, Western District, is affirmed.
FORD, P.J., NADER, J., concur.